UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, *et al.*, <br><br> Defendants. | CASE NO. 3:22-cv-05267-TSZ-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: May 6, 2022 |

This matter is before the Court on referral from the district court and on plaintiff's application to proceed *in forma pauperis* ("IFP"). Dkt. 1.

Plaintiff, a Washington prisoner who is well-known locally and nationally as an abusive litigant, is seeking to proceed IFP so that he may bring an action against the United States and the State of Washington. *See* Dkt. 1-1. In his proposed complaint, plaintiff lists a series of unrelated questions and statements, but does not allege any facts to state a cognizable claim. *See* Dkt. 1-1 at 4–8. The undersigned recommends that the district court dismiss plaintiff's action on

1  three separate grounds and deny his IFP application as moot.

2       First, as a bar order litigant, plaintiff may submit only three IFP applications and
3  proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan.
4  16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec.
5  15, 1982). Plaintiff has reached his limit for the year. *See, e.g.*, *Demos v. Wash. State Dep't of*
6  *Corr.,* 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-
7  00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash.
8  2022).

9       Second, because plaintiff has had numerous prior actions dismissed as frivolous,
10  malicious, or for failure to state a claim, plaintiff must demonstrate "imminent danger of serious
11  physical injury" to proceed. 28 U.S.C. § 1915(g); *see also Demos v. Lehman*, MC99-113-JLW
12  (W.D. Wash. Aug. 23, 1999). Plaintiff's proposed complaint does not contain "a plausible
13  allegation that [he] faced imminent danger of serious physical injury at the time of filing."
14  *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

15       Finally, a review of plaintiff's proposed complaint reveals that it is patently frivolous.
16  Pursuant to 28 U.S.C. § 1915A(b)(1), the Court is required to dismiss a complaint if it is
17  "frivolous, malicious, or fails to state a claim upon which relief may be granted." Accordingly,
18  the Court recommends that plaintiff's action be dismissed without prejudice and that his
19  application to proceed IFP (Dkt. 1) be denied as moot.

20       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
21  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
22  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
23  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
24

REPORT AND RECOMMENDATION - 2

1 | objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
2 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
3 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 6, 2022**
4 | as noted in the caption.

5 | Dated this 21st day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge